UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | )<br>)<br>) | No. 6:21-CR-9-REW-HAI |
| v. | )<br>) | ORDER |
| MICHAEL KEITH BARNES, | )<br>) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 42 (Rearraignment Minute Entry), Magistrate Judge Ingram recommended that the undersigned accept Defendant Michael Barnes's guilty plea and adjudge him guilty of Counts One and Two of the DE 1 Indictment. *See* DE 43 at 2 (Recommended Disposition); *see also* DE 45 at 1 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the Recommended Disposition and secure *de novo* review. *See* DE 43 at 2-3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 43, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Counts One and Two of the Indictment (DE 1);

2. The Court **CANCELS** the jury trial in this matter; and

3. The Court will issue a separate sentencing order.[1]

This the 22nd day of April, 2022.

Signed By:
*Robert E. Wier*
United States District Judge

---

[1] Upon concluding the hearing, Judge Ingram remanded Barnes to the United States Marshal pending sentencing. *See* DE 42 (Rearraignment Minute Entry). This was his status pre-plea. *See* DE 11. The Court, thus, sees no need to further address detention at this time; Defendant shall remain detained pending sentencing.